Barbara Dwinell
674 College Drive
Ventura, CA 93003
Tel: (805) 746-7473
Fax (805) 654-9090
Email: venturahwy101@gmail.com
Plaintiff In Pro Se

IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

SEATTLE DIVISION

| | |
|---|---|
| BARBARA DWINELL,<br><br>  Plaintiff,<br><br>vs.<br><br>PARK WEST GALLERY, INC., and HOLLAND AMERICA LINES ANTILLEN N.V.,<br><br>  Defendants. | Case No.:<br><br>**IN ADMIRALTY** |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Comes now Plaintiff Barbara Dwinell ("Plaintiff"), and for her Original Complaint against PARK WEST GALLERY, in personam ("PWG") and HOLLAND AMERICA LINE ANTILLEN N.V. ("HAL"), and in support thereof, would respectfully show as follows:

**I.
NATURE OF THE CASE**

1.01  This is a suit for negligence arising out of incidents that occurred on, about, or around May 28, 2014, onboard the MS VOLENDAM ("Vessel"), wherein Plaintiff, a passenger, was injured as a result of the unsafe, and dangerous conditions of the Vessel created by the Defendants' tortuous and negligent conduct.

1

## II.
## JURISDICTION AND VENUE

2.01    Plaintiff's claims against the Defendants present an admiralty or maritime case within the jurisdiction of the United States and this Honorable Court pursuant to Article III, Section 2 of the U.S. Constitution, 28 U.S.C. § 1333, and are brought pursuant to the General Maritime Law, and any other applicable laws and/or provisions.

2.02    **Maritime Contract Jurisdiction.**  Plaintiff's claim against the Defendants for negligence invokes admiralty jurisdiction based upon the existence of a "maritime contract." *See Sanderline v. Old Dominion Stevedoring Corp.*, 385 F.2d 79, 81 (4th Cir. 1967); *Stein Hall & Co., Inc. v. S.S. Concordia Viking*, 494 F.2d 287, 290 (2d Cir. 1974).

2.03    **Maritime Tort Jurisdiction**.  This Court has admiralty jurisdiction over Plaintiff's maritime tort claim(s) against Defendants for negligence

2.04    **Supplemental Jurisdiction.**  In the alternative, Plaintiff's claims against the Defendants present a case within the jurisdiction of this Honorable Court pursuant to 28. U.S.C. § 1367.

2.05    Venue for maritime claims is proper pursuant to Rule 82 of the Federal Rules of Civil Procedure, and for claims over which there supplemental jurisdiction, pursuant to 28 U.S.C § 1391(b)(2), and pursuant to contract between the Parties.

## III.
## PARTIES

3.01    Plaintiff is Barbara Dwinell, a resident of Ventura County, California.

3.02    The Vessel is a Netherlands-flagged passenger/cruise vessel of 60,906 gross tons built in 1998, which is owned, managed and/or operated by HAL, IMO No. 9156515, Call Sign PCHM.

3.03    Defendant PWG is a corporation incorporated in the State of Michigan, United States, and having its principal place of business in Southfield, Michigan.  PWG may be served with process

by serving its agent for service of process, Albert Scaglione, 29469 Northwestern Hwy, Southfield, Michigan, 48034.

3.04    Defendant HAL is a corporation incorporated in the State of Washington, United States, and having its principal place of business in Seattle, Washington. HAL may be served with process by serving its agent for service of process, Monica Fernandez, 300 Elliot Avenue W, Seattle, Washington, 98119.

## IV.
## BACKGROUND

4.01    On or about May 27, 2014, Plaintiff boarded the Vessel in Vancouver, British Columbia, Canada, to enjoy a fourteen-day leisure vacation cruise to Alaska. The cruise was to arrive in Anchorage, Alaska on June 10, 2014.

4.02    At all relevant times, the Vessel was owned, operated, managed, and/or otherwise controlled by HAL.

4.03    Defendant HAL contracts with Defendant PWG to operate a shipboard program of rotating art displays and auctions.

4.04    On or about May 28, 2014 Defendant PWG had a artwork display set up on board the Vessel as part of their "Park West at Sea" program located near the Ocean Bar area.

4.05    At the time of the incident, PWG's display was set up within one of the common passageways of the Vessel.

## V.
## FIRST CAUSE OF ACTION

### Negligence

5.01    Plaintiff re-alleges all prior paragraphs as though fully set forth herein.

5.02    At all times material hereto, Defendants had a duty to provide Plaintiff with a safe passage aboard a cruise vessel, and to exercise reasonable care and effort to avoid subjecting Plaintiff

to suffering or inconvenience. *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1334 (11th Cir. 1984).

     5.03    Defendants, through their agents, servants and/or employees, were careless and negligent by, *inter alia*:

     a.    Setting up and maintaining an art display in a negligent manner in the common passageway that partially obstructed and created an unreasonable dangerous condition for passengers walking in the common passageways aboard the Vessel;

     b.    Negligently hiring, contracting, supervising, training, and/or retaining the persons or corporations responsible for the safety of passengers on the Vessel;

     c.    Failing to observe, obey and enforce applicable safety and security regulations aboard the Vessel;

     d.    Failing to otherwise exercise due care with respect to setting up and maintaining the art display;

     e.    Failing to warn Plaintiff of the danger presented by the art display which was not apparent and obvious to passengers including Plaintiff;

     5.04    By reason of Defendants' acts and failures to act, Plaintiff tripped over the art display and fell and injured herself.

     5.05    As a proximate result of the Defendants' conduct, Plaintiff was injured in mind and body, all as pled herein and subject to proof.

## VI.
## JURY

Plaintiff demands a jury.

# VII.
# PRAYER

A. As to the First Cause of Action:

1. Actual damages in excess of $250,000 for Plaintiff's physical and emotional injuries;

2. Attorney's fees pursuant to law;

3. Pre-and post-judgment interest; and

4. Court costs

5. For all and further relief to which Plaintiff may show herself justly entitled.

Dated: May 27, 2015

By: /s/Barbara Dwinell
BARBARA DWINELL,
Plaintiff, In Pro Se

## VERIFICATION

I, Barbara Dwinell, declare as follows:

1. I am the plaintiff in this action, a citizen of the United States, and a resident of Ventura County, California. I have read the foregoing Complaint and it is true of my own knowledge, except as to those matters stated on information or belief, and as to those matters, I believe it to be true.

I verify under penalty of perjury under the laws of the United States that the factual statements in this Complaint are true and correct.

Executed on May 27, 2015

/s/ Barbara Dwinell
_____
BARBARA DWINELL